ELIZABETH M. ROTH (SBN 139743)
LAW OFFICE OF ELIZABETH M. ROTH
P.O. BOX 19634
Sacramento, CA 95819-0634
916-583-7684 (Voice)
916-583-7444 (Fax)
E-mail: eliroth@cwo.com

KENNETH L. ROSENFELD (SBN 186060)
THE ROSENFELD LAW FIRM
1000 G Street, Suite 240
Sacramento, CA 95814
916-447-2070
E-mail: krlesq@therosenfeldlawfirm.com

Attorney for Plaintiffs
JUROR NUMBER ONE

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUROR NUMBER ONE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; HONORABLE MICHAEL P. KENNY, Judge of the Superior Court; FACEBOOK, INC., a Delaware corporation authorized to do business in California; GEORGE CHRISTIAN; TOMMY CORNELIUS, JR.; SAMUEL KEMOKAI, JR.; DEMETRIUS ROYSTER; XAVIER WHITFIELD;<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT |

Plaintiff, JUROR NUMBER ONE[1], alleges as follows:

JURISDICTION

1.　This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. section 1331 based on federal questions raised herein under 42 U.S.C. section 1983, the Fourth and Fifth Amendments to the United States Constitution, the Electronic Communications Privacy

---

[1] Plaintiff, concurrently with the filing of this Complaint, filed a Motion for Leave to Proceed Using a Pseudonym.

Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 12

Act ("ECPA") codified at 18 U.S.C. sections 2510, et seq., and the Stored Communications Act ("SCA"), codified at 18 U.S.C. sections 2701, et seq., specifically 18 U.S.C. section 2707, which provides a private right of action to aggrieved persons for violation of the SCA and permits injunctive relief to be granted .

2.      This Court is not prevented from exercising its jurisdiction by the Federal Anti-Injunction Act (28 U.S.C. section 2283) as this action is brought pursuant to 42 U.S.C. section 1983.  42 U.S.C. section 1983 is an Act of Congress that falls within the "expressly authorized" exception of 28 U.S.C. section 2283.  (*Mitchum v. Foster*, 407 U.S. 225, 243 (U.S. 1972).)

3.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) in that the events giving rise to Plaintiff's claim took place within this judicial district.

4.      This Court has personal jurisdiction over the parties as all Defendants either reside in, or do business in, California and in this judicial district.

## PARTIES

5.      Plaintiff JUROR NUMBER ONE is an individual, residing in the State of California and over the age of 18.  Plaintiff was the jury foreperson in a gang-related attempted murder trial in Sacramento County Superior Court case no. 08F09791 ("the Criminal Trial") and was known therein as Juror Number One.

6.      Defendant the HONORABLE MICHAEL P. KENNY ("Judge Kenny"), is, and at all relevant times was, a judge sitting in the Sacramento County Superior Court.  Judge Kenny presided over the Criminal Trial.

7.      Defendant STATE OF CALIFORNIA was the prosecutor in the Criminal Trial.

8.      Defendant FACEBOOK, INC., ("Facebook") is, and at all relevant times was, a Delaware corporation, authorized to do business in California.   Defendant Facebook, Inc., is named herein solely for the purpose of injunctive relief.

9.      Defendant GEORGE CHRISTIAN is, and at all relevant times was, a resident of the State of California and was a defendant in the Criminal Trial.  Plaintiff is informed and believes that this defendant is incarcerated.  This defendant is named herein solely for the purpose of injunctive relief.

10. Defendant TOMMY CORNELIUS, JR. is, and at all relevant times was, a resident of the State of California and was a defendant in the Criminal Trial. Plaintiff is informed and believes that this defendant is incarcerated. This defendant is named herein solely for the purpose of injunctive relief.

11. Defendant SAMUEL KEMOKAI, JR. is, and at all relevant times was, a resident of the State of California and was a defendant in the Criminal Trial. Plaintiff is informed and believes that this defendant is incarcerated. This defendant is named herein solely for the purpose of injunctive relief.

12. Defendant DEMETRIUS ROYSTER is, and at all relevant times was, a resident of the State of California and was a defendant in the Criminal Trial. Plaintiff is informed and believes that this defendant is incarcerated. This defendant is named herein solely for the purpose of injunctive relief.

13. Defendant XAVIER WHITFIELD is, and at all relevant times was, a resident of the State of California and was a defendant in the Criminal Trial. Plaintiff is informed and believes that this defendant is incarcerated. This defendant is named herein solely for the purpose of injunctive relief.

## FACTUAL ALLEGATIONS

14. During the Criminal Trial, while acting as jury foreperson, Plaintiff posted on various occasions to his Facebook page to advise his friends that he was serving on jury duty. He occasionally posted updates that he was "still" on jury duty and, on one occasion, posted a comment that he was bored during the presentation of cell phone record evidence.

15. After the Criminal Trial, Plaintiff and one or more other jurors from the Criminal Trial became Facebook "friends." One of the other jurors "friended" by Plaintiff ("Juror Number Five") saw the postings Plaintiff had made.

16. Sometime after the guilty verdict was returned on June 25, 2010, Juror Number Five contacted counsel for the defendants in the Criminal Trial and alleged that there was juror misconduct during the Criminal Trial, including that Plaintiff had posted "comments about the evidence during trial" on his Facebook page. Juror Number Five executed a sworn declaration to

that effect.

17. Defendants moved to unseal the addresses and contact information for all jurors pursuant to California Code of Civil Procedure, sections 206 and 237.

18. Judge Kenny declined to unseal the juror information. Judge Kenny instead exercised his discretion to hold an evidentiary hearing into alleged juror misconduct.

19. On or about September 17, 2010 and continuing on or about October 1, 2010, Judge Kenny held a lengthy and thorough evidentiary hearing on claims of juror misconduct, including Juror Number One's Facebook postings. During the course of the evidentiary hearing, Juror Number One (as well as Jurors Number 3,4,5 and 8) was vigorously cross-examined by various attorneys representing the defendants in the Criminal Trial regarding various allegations of juror misconduct by different jurors.

20. At the beginning of the proceedings on September 17, 2010, Judge Kenny announced that he would not hold any juror in contempt and was, therefore, going to not appoint counsel for any juror. Judge Kenny's comments regarding the issue of whether or not to appoint counsel for the jurors testifying at the evidentiary hearing were made outside the presence of those jurors who were, apparently, never advised that representation by counsel was an option. Judge Kenny, later in the proceedings stated that he had said he would not hold them in contempt "for the obvious reason. If I am going to hold them in contempt they get attorneys."

21. At the conclusion of the evidentiary hearing, Judge Kenny found that the jurors who had testified were credible and were doing their best to be open and honest. Judge Kenny stated that he did not get an impression that the jurors who testified made any effort to hide anything.

22. Counsel for the defendants in the Criminal Trial issued a subpoena to Facebook, Inc., requesting copies of postings made by Juror Number One.

23. Citing limitations on its ability to disclose the postings pursuant to the Stored Communications Act, Facebook, Inc. moved to quash the subpoena.

24. Counsel for the Defendants in the Criminal Trial argued that the SCA was unconstitutional in that it subverts due process and a fair trial by denying criminal defendants access

to information needed in their defense while permitting government entities to obtain that information in connection with a criminal investigation.

25. Facebook, Inc. argued that the defendants could seek the information directly from Juror Number One. Facebook, Inc., then, attempted to remove itself from the litigation by providing the information to Plaintiff's counsel.

26. Counsel for the Defendants in the Criminal Trial, thereafter, issued a subpoena to Plaintiff seeking the information provided to Plaintiff's counsel by Facebook, Inc.

27. Plaintiff moved to quash the subpoena on the basis that it was overbroad, burdensome, and an unreasonable intrusion on Plaintiff's privacy rights under the California and Federal Constitutions and the SCA and ECPA.

28. On February 4, 2011, Judge Kenny quashed the subpoena on the basis that it was overbroad and issued an Order ("the February 4 Order") requiring the Plaintiff "within 10 days from the date of this order . . . execute a consent form sufficient to satisfy the exception stated in Title 18, U.S.C. section 2702(b) allowing Facebook to supply the postings made by Juror # 1 during trial." A true and correct copy of the Court Order is attached hereto as Exhibit A and incorporated herein by reference.

29. Plaintiff was required by the February 4 Order to execute the consent form on or before February 14, 2011. Plaintiff was threatened with a contempt finding if he refuses to comply with the February 4 Order.

30. On or about February 8, 2011, Plaintiff filed with the California Court of Appeal, Third Appellate District, a Petition for Writ of Prohibition and Request for Immediate Stay to prevent enforcement of the February 4, 2011 Order. That Petition was denied on February 10, 2011.

31. Plaintiff thereafter sought review in the California Supreme Court.

32. While awaiting the decision of the California Supreme Court, Plaintiff also sought a temporary restraining order in this Court in case no. 2:11-vc-00397-WBS-JFM. This court abstained from acting on the basis that Plaintiff's state court remedies had not been exhausted in that the California Supreme Court had not yet made a determination with respect to Plaintiff's

Petition for Review.

33. The California Supreme Court thereafter granted a stay and remanded the case to Third District Court of Appeal for further proceedings.

34. The case was briefed in the Third District Court of Appeal, oral arguments were heard, and on May 31, 2012, the Third District Court of Appeal issued an opinion upholding the February 4 Order.

35. Plaintiff, thereafter, unsuccessfully sought a rehearing in the Third District Court of Appeal and review by the California Supreme Court.

36. On August 22, 2012, the California Supreme Court denied review and dissolved the existing stay of enforcement of the February 4 Order.

37. Plaintiff has now exhausted his remedies in the state courts.

38. A hearing is scheduled for Friday, August 24, 2012, at which it is expected that Judge Kenny will be advised that the stay issued by the California Supreme Court has been dissolved and inquiry will arise regarding whether the court ordered consent has been executed. It is expected that Judge Kenny will then proceed with enforcement of the February 4 Order.

39. Plaintiff asserts a right of privacy in the Facebook postings made by him during the Criminal Trial and further asserts a Fifth Amendment right to not disclose the postings as they may be used against Plaintiff to assert that Plaintiff committed perjury during the Evidentiary Hearing[2].

40. Plaintiff also asserts his privacy rights under the SCA and ECPA.

41. Plaintiff also asserts that any consent executed as a result of the February 4 Order is inadequate to meet the requirements of the SCA and ECPA in that it is a coerced consent rather than a voluntarily-given consent.

42. Plaintiff also asserts privacy rights implied in the United States Constitution and existing case law.

43. Plaintiff also asserts privacy rights under California Constitution Article I, section 1

---

[2] Plaintiff, in no way, intends to imply or admits that he committed perjury during the hearing, but he could be erroneously charged with perjury if his testimony was based on faulty memory, he unintentionally misspoke, or his testimony was otherwise in contradiction to the Facebook records being sought despite his good faith efforts to testify truthfully.

and California statutes intended to protect the privacy of jurors.

## FIRST CAUSE OF ACTION

[42 U.S.C. SECTION 1983; injunctive relief]

(Against all Defendants)

44. Plaintiff realleges and incorporates herein paragraphs 1 through 43, above.

45. Judge Kenny, acting on authority granted him by the State of California has caused Plaintiff to be subjected to a deprivation of his rights secured by the United States Constitution and federal laws. Declaratory relief is unavailable to Plaintiff, as he is threatened with contempt if he does not timely comply with Judge Kenny's February 4 Order.

46. The February 4 Order that Plaintiff consent to the search and release of his records by Facebook, Inc., violates the Fourth Amendment to United States Constitution in that Plaintiff has a legitimate expectation of privacy in the records.

47. The February 4 Order violates the Fifth Amendment to the United States Constitution in that it is, in effect, compelling Plaintiff to waive his Fifth Amendment right against self-incrimination (see footnote 2, above).

48. The February 4 Order violates Plaintiff's privacy rights under the SCA and ECPA.

49. The February 4 Order violates Plaintiff's privacy rights implied in the United States Constitution and existing case law.

50. The February 4 Order violates Plaintiff's privacy rights under California Constitution Article I, section 1 and California statutes intended to protect the privacy of jurors.

51. The February 4 Order requires Plaintiff to violate the privacy rights of other Facebook members who posted on Plaintiff's Facebook page or otherwise communicated with Plaintiff by way of Facebook with the understanding that privacy restrictions Plaintiff had implemented were would protect their communications.

52. Plaintiff has insufficient time to obtain consent from other Facebook users to the disclosure of their private communications.

53. Injunctive relief is appropriate to avoid irreparable harm to Plaintiff, who is subject to a compelled waiver of these rights under threat of contempt.

54. Defendants will suffer no hardship if enforcement of the February 4 Order is enjoined until a full hearing and final determination of the merits of this action. The Defendants in the Criminal Trial may already proceed to a new trial or to judgment and sentence on the basis of the testimony and evidence presented at the evidentiary hearing, during which Judge Kenny found that there was juror misconduct, but left open the question whether it was prejudicial to the Defendants in the Criminal Trial.

55. The public interest will be served if enforcement of the February 4 Order is enjoined until a full hearing and final determination of the merits of this action in that the privacy rights of California jurors will be protected by a decision on the merits of this case.

56. The public interest will be served if enforcement of the February 4 Order is enjoined until a full hearing and final determination of the merits of this action in that the interests of all Facebook users in the privacy of their communications will be protected by a decision on the merits of this case.

57. Monetary damages cannot compensate Plaintiff for the injuries he will sustain if defendants are not enjoined from seeking further disclosure of Plaintiff's private communications.

58. Plaintiff seeks a temporary restraining order and injunctive relief as follows:

(a) restraining and enjoining the State of California and the Honorable Michael P. Kenny, Judge of the Sacramento County Superior Court, from enforcing the Sacramento County Superior Court order issued by Defendant Judge Kenny on February 4, 2011, compelling Plaintiff (Juror Number One) to execute a consent form sufficient to satisfy the exception stated in 18 U.S.C., section 2702(b) allowing Facebook, Inc. to supply the postings made by Juror Number One during the Criminal Trial to the Court for review on behalf of Defendants CHRISTIAN, CORNELIUS, KEMOKAI, ROYSTER and WHITFIELD.

(b) restraining and enjoining FACEBOOK, INC., a Delaware corporation authorized to do business in California, and its attorneys, officers, directors, agents and employees, from supplying the postings made by Juror Number One during the Criminal Trial to the Court for review on behalf of Defendants CHRISTIAN, CORNELIUS, KEMOKAI, ROYSTER, and WHITFIELD.

(c) restraining and enjoining Defendants GEORGE CHRISTIAN, TOMMY CORNELIUS, JR., SAMUEL KEMOKAI, JR., DEMETRIUS ROYSTER, and XAVIER WHITFIELD, and their attorneys, agents and employees, from undertaking any further efforts to obtain the postings made by Juror Number One during the Criminal Trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### [Declaratory Relief]
### (Against all Defendants)

59. Plaintiff realleges and incorporates herein paragraphs 1 through 58, above.

60. An actual controversy has arisen, and now exists, between Plaintiff and Defendants in that Plaintiff has asserted his constitutional and statutory rights to prevent disclosure of his private Facebook postings and Defendants, with the exception of Facebook, Inc., assert their rights to investigate juror misconduct and contend that their rights take precedence over the rights of Plaintiff.

61. Plaintiff has no other existing, speedy, adequate or proper remedy other than a Court Declaration by which the rights of the parties hereto may be determined.

62. Plaintiff seeks a determination by this Court as follows:

(a) That the February 4, 2011 Order issued by the Honorable Michael P. Kenny is invalid and unenforceable to compel Plaintiff to execute a consent form sufficient to satisfy the exception stated in Title 18, U.S.C. section 2702(b) allowing Facebook, Inc. to supply the posting made by Juror Number One during the Criminal Trial.

(b) That Plaintiff has a right to maintain the privacy of Facebook postings made during the Criminal Trial and Facebook, Inc., and its attorneys, officers, directors, agents and employees, may not disclose those records.

(c) That Plaintiff has a right to maintain the privacy of Facebook postings made during the Criminal Trial and Defendants GEORGE CHRISTIAN, TOMMY CORNELIUS, JR., SAMUEL KEMOKAI, JR., DEMETRIUS ROYSTER, and XAVIER WHITFIELD, and their attorneys, agents and employees, may not require Plaintiff to disclose those records.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

Plaintiff, JUROR NUMBER ONE, prays for judgment as follows:

On his First Cause of Action:

1. That this Court issue orders:

    (a) restraining and enjoining the State of California and the Honorable Michael P. Kenny, Judge of the Sacramento County Superior Court, from enforcing the Sacramento County Superior Court order issued by Defendant Judge Kenny on February 4, 2011, compelling Plaintiff (Juror Number One) to execute a consent form sufficient to satisfy the exception stated in 18 U.S.C., section 2702(b) allowing Facebook, Inc. to supply the postings made by Juror Number One during the Criminal Trial to the Court for review on behalf of Defendants CHRISTIAN, CORNELIUS, KEMOKAI, ROYSTER and WHITFIELD.

    (b) restraining and enjoining FACEBOOK, INC., a Delaware corporation authorized to do business in California, and its attorneys, officers, directors, agents and employees, from supplying the postings made by Juror Number One during the Criminal Trial to the Court for review on behalf of Defendants CHRISTIAN, CORNELIUS, KEMOKAI, ROYSTER, and WHITFIELD.

    (c) restraining and enjoining Defendants GEORGE CHRISTIAN, TOMMY CORNELIUS, JR., SAMUEL KEMOKAI, JR., DEMETRIUS ROYSTER, and XAVIER WHITFIELD, and their attorneys, agents and employees, from undertaking any further efforts to obtain the postings made by Juror Number One during the Criminal Trial.

2. For general damages in an amount to be determined at trial;

3. For attorney fees and costs of suit incurred herein; and

4. For such other and further relief as this Court deems proper.

On his Second Cause of Action:

1. That this Court issue an order declaring as follows:

    (a) That the February 4, 2011 Order issued by the Honorable Michael P. Kenny is invalid and unenforceable to compel Plaintiff to execute a consent form sufficient to satisfy the

exception stated in Title 18, U.S.C. section 2702(b) allowing Facebook, Inc. to supply the posting made by Juror Number One during the Criminal Trial.

    (b) That Plaintiff has a right to maintain the privacy of Facebook postings made during the Criminal Trial and Facebook, Inc., and its attorneys, officers, directors, agents and employees, may not disclose those records.

    (c) That Plaintiff has a right to maintain the privacy of Facebook postings made during the Criminal Trial and Defendants GEORGE CHRISTIAN, TOMMY CORNELIUS, JR., SAMUEL KEMOKAI, JR., DEMETRIUS ROYSTER, and XAVIER WHITFIELD, and their attorneys, agents and employees, may not require Plaintiff to disclose those records.

2. For general damages in an amount to be determined at trial;

3. For attorney fees and costs of suit incurred herein; and

4. For such other and further relief as this Court deems proper.

Dated: August 23, 2012        /s/ Elizabeth M. Roth

                                      ELIZABETH M. ROTH

                                      Attorney for Plaintiff JUROR NUMBER ONE

VERIFICATION

I, JUROR NUMBER ONE, am the plaintiff in this action. I have read the foregoing document entitled:

COMPLAINT

and know the contents thereof. The same is true of my own knowledge, except as to those matters that are stated therein on the basis of information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 23, 2012, at Sacramento, California.

/s/ Juror Number One
JUROR NUMBER ONE