UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUROR NUMBER ONE, ) | Case No. 2:12-CV-02199 JAM-GGH |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR TEMPORARY |
| v. ) | RESTRAINING ORDER AND |
| ) | PRELIMINARY INJUNCTION AND |
| STATE OF CALIFORNIA, et al., ) | DISMISSING PLAINTIFF'S |
| ) | COMPLAINT FOR LACK OF SUBJECT |
| Defendants. ) | MATTER JURISDICTION |
| ) | |
| ) | |
| ) | |

Presently before the Court is Plaintiff Juror Number One's ("Plaintiff") Combined Motion for Temporary Restraining Order and Preliminary Injunction [Fed. R. Civ. P. 65(a) and (b)] (Doc. # 2). Plaintiff seeks a temporary restraining order pending the hearing and determination of Plaintiff's request restraining the State of California and the Honorable Michael P. Kenny, Judge of the Sacramento Superior Court, from enforcing an order issued by Judge Kenny compelling Plaintiff to execute a consent form sufficient to satisfy the exception stated in 18 U.S.C. § 2702(b) allowing Facebook, Inc. to supply the postings made by Plaintiff during a state court criminal trial to Judge Kenny for review. For the

reasons discussed below, this Court lacks the jurisdiction necessary to grant the relief sought. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is accordingly DENIED.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff previously filed a similar motion before Judge Shubb in this District. Case No. 2:11-CV-397-WBS-JFM. The Court adopts the statement of facts from the February 14, 2011 order denying Plaintiff's motion for a restraining order in that case (Doc. # 14). Subsequent to February 14, 2011, the California Supreme Court issued a stay of proceedings in the underlying state court action and remanded Plaintiff's Writ Petition to the California Court of Appeal, Third Appellate District for further consideration. The Third District found that Plaintiff was not entitled to relief on his Stored Communications Act, Fourth Amendment, and Fifth Amendment arguments. Juror No. One v. Superior Court, 206 Cal. App. 4th 854 (Cal. Ct. App. 2012). Plaintiff again sought review in the California Supreme Court, and the petition for review was denied on August 22, 2012.

Due to the California Supreme Court's denial, all stays are currently lifted and Plaintiff is due to appear before Judge Kenny on August 24, 2012 where he may be held in contempt if he refuses to consent to the release of his Facebook posts to the Superior Court. Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and 18 U.S.C. section 2707 and jurisdiction is predicated on 28 U.S.C. § 1331.

## II. OPINION

### A. Subject Matter Jursidiction

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, it is the Court's duty to consider subject matter jurisdiction over the present case.

#### 1. Section 1983.

Section 1983 precludes injunctive relief against a judicial officer for actions taken in his official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In this case, Plaintiff does not contend that a declaratory order was violated, and there is no showing that declaratory relief is unavailable. Thus, Plaintiff has failed to state a claim for injunctive relief under § 1983 and the Complaint is dismissed on that basis. Marciano v. White, 431 F. App'x 611, 612 (9th Cir. 2011).

#### 2. Rooker-Feldman Doctrine.

Rooker-Feldman bars cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Normally, Rooker-Feldman applies to suits brought by state-court losers against adverse parties; however, the Ninth Circuit applies the doctrine to cases brought against a state court judge himself, and does not limit the doctrine to cases brought against the same adversaries in a lawsuit. Marciano, 431 Fed.Appx. at 613. This is because federal district courts do not have appellate jurisdiction

over state court decisions—that jurisdiction is vested with the United States Supreme Court. Id.; see also Exxon, 544 U.S. at 292.

In the present case, Plaintiff litigated identical issues before the California Court of Appeal and lost. His petition for review was denied by the California Supreme Court and he subsequently filed his complaint with this Court, seeking what amounts to appellate review of the state courts' decisions. This is the exact type of action barred by Rooker-Feldman. Accordingly, the Plaintiff's Complaint is dismissed on this basis.

3. Younger Absention

Younger Abstention bars federal courts from interfering "with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). In order for Younger to apply to civil cases, it must implicate an important state interest. Id. at 432. The Ninth Circuit recognizes the ability of a state court to enforce judicial orders and issue sanctions for failing to comply with its orders as such an interest. Marciano, 431 Fed. Appx. at 614 ("The ability of a court to issue sanctions 'lies at the core of the administration of a state's judicial system' and is a unique state process 'through which [the state] vindicates the regular operation of its judicial system'" (quoting Juidice v. Vail, 430 U.S. 327, 335 (1977))).

In the instant case, Plaintiff seeks relief from sanctions that will arise from failing to comply with a state court order, making Younger Abstention applicable. Accordingly, the Court dismisses Plaintiff's Complaint on this ground as well.

## III. ORDER

For the reasons discussed above, Plaintiff's Motion for a Temporary Restraining Order is DENIED. Plaintiff's Complaint is hereby ordered dismissed and the Clerk is ordered to close this case.

IT IS SO ORDERED.

Dated: August 23, 2012

_/s/ John A. Mendez_
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE